### No. 283
### SPROUL v. LACHMAN

Ohio Appea's, 8th Dist., Cuyahoga County
No. 4830. Decided Jan. 28, 1924

1229. VENDOR AND PURCHASER—Provision in land contract that on default by purchaser the vendor might take possession and retain all payments made, contstrued a penalty and not a provision for liquidated damages.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in Common Pleas of Cuyahoga County, wherein Virginia Lachman was plaintiff and Louis G. Sproul was defendant. Sproul sold Lachman a two-suite apartment house for $9,500 on land contract which provided for the payment of $1,000 down and $85 each month thereafter until the remainder was paid, and that on default in any payment when due Sproul might take immediate possession and retain all payments made, as liquidated damages. After Lachman had paid in this manner $2,400 she defaulted in the payment of one installment when due and a few days later Sproul gave her notice to quit and then took possession of the premises and retained the $2,400 paid. Lachman brought this action to recover the money paid in and the rent subsequently collected by Sproul. Verdict was had and judgment rendered for Lachman for $850. Sproul prosecuted trror. Held:

Lachman had an equity in the premises and she was entitled to recover it one way or another unless the clause in the contract for liquidated damages was valid. This was a question of law for the court. This court is of opinion that the clause in the contract was in the nature of a penalty and not a provision for liquidated damages. The judgment for Lachman was not in excess of her equity and this court sees no error in the case. Judgment affirmed.

Attorneys—A. W. Bell, for Sproul; Stephen M. Young, for Lachman, both of Cleveland.